IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUTRACY MARSH<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 13-1805<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## JOINT STATUS REPORT

Pursuant to the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order dated May 15, 2013, Plaintiff Lutracy Marsh ("Plaintiff" or "Marsh") and Defendant Schneider National Carriers, Inc. ("Defendant" or "Schneider") (jointly, the "Parties") timely conducted their Rule 26 conference through their counsel of record, and file this Joint Status Report.

**1.    A brief statement of the claims and defenses**

**Plaintiff's Claims**

Plaintiff is employed as a yard holster at Defendant's Dallas, Texas location.  Plaintiff claims that he was misclassified as exempt, and therefore was not paid time-and-one-half his regular rate of pay for work in excess of forty (40) hours a week.  Plaintiff alleges a cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 215(a)(2).

**Defendant's Defenses**

Defendant denies the allegations set forth in Plaintiff's Original Petition, and denies that

it violated the FLSA. Defendant denies that Plaintiff was improperly classified as exempt. Moreover, Defendant denies that Plaintiff regularly worked in excess of forty (40) hours per week.

2. **A proposed time limit to file motions for leave to join other parties.**

The Parties propose a deadline of August 6, 2013 to file motions for leave to join other parties.

3. **A proposed time limit to amend the pleadings.**

The Parties propose a deadline of August 6, 2013 to amend the pleadings.

4. **Proposed time limits to file various types of motions, including dispositive motions.**

The Parties propose a June 2, 2014 deadline to file Dispositive and other motions.

5. **A proposed time limit for initial designation of experts.**

The Parties propose a January 13, 2014 deadline for Plaintiff to file an expert designation and report, and a February 10, 2014 deadline for Defendant to file an expert designation and report.

6. **A proposed time limit for responsive designation of experts.**

The Parties propose that responsive designations of experts are due 30 days after the designation made by the other party, i.e., February 12, 2014 for Defendant, and March 12, 2014 for Plaintiff.

7. **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions).**

The Parties propose a June 23, 2014 deadline for objections to experts.

8. **A proposed plan for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The Parties anticipate that they will each serve interrogatories, requests for production, and possibly requests for admission. The Parties also anticipate taking the depositions of persons identified in the initial disclosures, as well as any experts disclosed in the Parties' expert disclosures. The Parties request a deadline of May 5, 2014 to complete both factual and expert discovery. Discovery does not need to be conducted in phases.

9. **What changes should be made in the limitations of discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties do not intend to make any changes to the rules regarding discovery.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

The Parties are not aware of any ESI-related issues at this time. To the extent that the Parties become aware of the existence of any relevant ESI and seek production of information in electronic format, the Parties agree that requesting party will make that request specifically known and will seek to confer with the responding party regarding the timing and form or production at the time the request is served.

11. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The Parties do not have any proposals on this issue.

12. **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.**

The Parties propose an October 6, 2014 trial date, and anticipate trial will take 2 days. A jury demand has been made.

13. **A proposed date for further settlement negotiations.**

As discussed below in paragraph 20, settlement negotiations have not yet commenced, but the Parties are open to discussions regarding settlement at any time.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to whether disclosure under Rule 26(a)(1) were made or will be made.**

The Parties do not have any objections or propose any modifications to the disclosures required under Rule 26(a)(1). The Parties will exchange Rule 26(a)(1) disclosures on or before July 12, 2013.

15. **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Stickney.**

The Parties do not consent to trial before Magistrate Judge Stickney.

16. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective, and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The Parties do not believe that alternative dispute resolution would be productive at this stage of the case. The Parties agree to consider the potential for mediation, if appropriate, as the cases take shape in the discovery phase of litigation.

17. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

The Parties do not have any other proposals at this time.

18. **Whether a conference with the Court is desired.**

A conference with the Court is not needed at this time.

19. **Any other matters relevant to the status and disposition of this case,**

**including any other Orders that should be entered by the Court under Rule 16(b) and (c) and 26(c).**

The Parties do not have any other relevant matters at this time, and do not request that any Orders be entered under Rule 16(b) or (c) or 26(c).

20. **Status of settlement negotiations.**

The Parties have begun discussing the possibility of settlement. The Plaintiff is reviewing his alleged damages and intends to make a settlement demand soon. The Parties agree that they will continue to communicate regarding the possibility of settlement and/or alternative dispute resolution as appropriate.

Dated: June 12, 2013                                      Respectfully submitted,

| | |
|---|---|
| */s/ Robert Lee*                              <br>Robert (Bobby) Lee<br>Attorney in Charge<br>Texas Bar No. 00787888<br>J. Derek Braziel<br>Texas Bar No. 00793380<br>Carmen Artaza<br>Texas Bar No. 24055114<br>Meredith Mathews<br>Texas Bar No. 24055180<br>lee@l-b-law.com<br>braziel@l-b-law.com<br>artaza@l-b-law.com<br>mathews@l-b-law.com<br><br>LEE & BRAZIEL, L.L.P.<br>11801 N. Lamar Street<br>Suite 325<br>Dallas, TX 75202<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**LUTRACY MARSH** | /s/ *Kimberly R. Miers*                              <br>Kimberly R. Miers<br>Texas Bar No. 24041482<br>kmiers@littler.com<br>Lindsey D. Sberna<br>Texas Bar No. 24055434<br>lsberna@littler.com<br><br>LITTLER MENDELSON, P.C.<br>2001 Ross Avenue, Suite 1500<br>Dallas, Texas 75201<br>214-880-8100 (Telephone)<br>214-880-0181 (Facsimile)<br><br>**ATTORNEYS FOR DEFENDANT**<br>**SCHNEIDER NATIONAL CARRIERS,**<br>**INC.** |

## CERTIFICATE OF SERVICE

On June 12, 2013 I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

    Robert (Bobby) Lee
    J. Derek Braziel
    Carmen Artaza
    LEE & BRAZIEL, L.L.P.
    11801 N. Lamar Street
    Suite 325
    Dallas, TX 75202

                                                                                                                    /s/ *Kimberly R. Miers*
                                                                                                                    Kimberly R. Miers